**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne Lewallen, | No. CV 11-01639-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| Home Depot USA, Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 34).  The Motion is in font size smaller than 13 point, in footnotes, in violation of LRCiv 7.1(b)(1).  The Response contains numerous passages in single space, not double space as required by the same rule.  Both filings would have been summarily stricken if noticed earlier.  Future non-complying filings will be stricken whenever noticed.

**I.    PARTIES**

In the caption of a complaint, the title must name all of the parties.  Fed. R. Civ. P. 10(a).   The caption of Plaintiff's amended complaint (Doc. 31) names only one defendant, which is Home Depot USA, Inc.  Although the text of the amended complaint refers both to Defendant Home Depot and to Defendant Cynthia "Kat" Katayam, Katayam is not identified as a defendant in the caption, the record does not show evidence of service of process on Katayam, and the deadline for joining additional parties

passed several months before the amended complaint was filed. Therefore, the only defendant in this case is Home Depot USA, Inc. (hereafter "Home Depot").

## II.    LEGAL STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Id.*

Generally, material beyond the pleadings may not be considered in deciding a Rule 12(b)(6) motion. However, material properly submitted as part of the complaint and documents not physically attached to the complaint whose contents are alleged in a complaint and whose authenticity no party questions may be considered. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III.    FACTS ASSUMED TO BE TRUE

Plaintiff Yvonne Lewallen is a Mexican American or Latino female. (Doc. 31 at 6.) She was employed by Home Depot from March 26, 1996, until April 21 or 22, 2011. She "has a history and record of regular salary increases and bonuses." (*Id.* at 3.)

About two years before Lewallen's employment was terminated, Home Depot transferred Katayam to the Arizona store at which Lewallen was employed. Katayam was Lewallen's supervisor. Lewallen received negative ratings and comments in her

1

2   April 2010 evaluation, which were later revised after she complained to higher

3   management.  Lewallen also was placed on a performance improvement plan, from

4   which she was later released as instructed by higher management.  She was "repeatedly

5   verbally harassed by her supervisor."  (*Id.* at 4.)  "[I]nappropriate racial comments were

6   made to her and other Latino females regarding their hair, nails, clothing, breast size."[1]

7   (*Id.*)  Multiple complaints against Lewallen were filed with the "employee aware line."

8   (*Id.*)  She was required to resign from an employee planning committee.  These acts

9   interfered with her ability to perform her assigned duties.  Lewallen "complained of the

10  acts against her, but could obtain no relief."[2]  (*Id.*)  On April 22, 2011, Lewallen's

11  employment was terminated for alleged "Hazmat and RTV violations."[3]  (*Id.*)

12          On April 21, 2011, Lewallen sought counseling from an equal employment

13  opportunity counselor and requested that Home Depot investigate and reinstate her

14  position.  On April 24, 2011, Lewallen completed and signed a U.S. Equal Employment

15  Opportunity Commission ("EEOC") intake questionnaire.  (Doc. 34-2.)  On the

16  questionnaire, she responded "yes" to the question "Are you Hispanic or Latino?"  (*Id.* at

17  1.)  The form asks the question, "What is the reason (basis) for your claim of employment

18  discrimination?"  (*Id.* at 2.)  The question is followed by an explanation in italics:

19

20              *FOR EXAMPLE, if you feel that you were treated worse than*
                *someone else because of race, you should check the box next*
21              *to* Race*.  If you feel you were treated worse for several*
                *reasons, such as your sex, religion and national origin, you*
22

23          [1] The amended complaint does not allege whether the verbal harassment and

24  inappropriate comments were made before and/or after the April 2010 negative
    evaluation.

25          [2] The amended complaint does not allege to whom Lewallen complained or

26  whether she did so before and/or after the April 2010 negative evaluation.

27          [3] The amended complaint does not define "Hazmat" or "RTV."

28
                                        - 3 -

1

2

3   *should check all that apply.   If you complained about*
*discrimination, participated in someone else's complaint, or*
4   *filed a charge of discrimination, and a negative action was*
*threatened or taken, you should check the box next to*
5   Retaliation.

6   Lewallen checked only the box next to "Retaliation."  She did not check the box next to

7   "Race" or the box next to "Sex."

8              On April 25, 2011, Lewallen filed a Charge of Discrimination presenting her claim

9   to the EEOC through the Arizona Attorney General's Office, Civil Right Division

10  ("EEOC Charge").   (Doc. 34-1.)   On the form, she indicated that she claimed

11  discrimination based on retaliation and did not check any other boxes, such as for race or

12  color, as a basis for her claim.  (*Id*.)  She wrote:

13              I was hired by the Respondent on March 26, 1996.  In May
2010, I protested a performance review rating given to me by
14              my supervisor, Cynthia Katayama.   Subsequently, I was
subjected to harassment by my supervisor in that I was
15              continuously nitpicked at about petty issues.  On April 22, I
was terminated.
16

17              I believe that I was retaliated against in violation of Title VII
of the Civil Rights Act of 1964, as amended.
18

19  (*Id*.)

20              On May 21, 2011, Lewallen received a Notice of Right to Sue from the EEOC,

21  which is referenced in both her initial and amended complaint as an exhibit, but is not

22  attached to either.  (*See* Docs. 1, 31.)  On August 22, 2011, Lewallen filed her initial

23  complaint.  (Doc. 1.)  On April 19, 2012, Defendant's Motion for Judgment on the

24  Pleadings was granted with leave to file an amended complaint. (Doc. 29.)  On May 5,

25  2012, Lewallen filed an amended complaint, which identifies four causes of action:  (1)

26  racial discrimination in violation of Title VII, (2) breach of contract and/or promissory

27

28                                          - 4 -

estoppel, (3) intentional infliction of emotional distress, and (4) intentional interference with a contractual relationship.  (Doc. 31.)

## IV.   ANALYSIS

### A.   Racial Discrimination in Violation of Title VII

#### 1.   Exhaustion of Administrative Remedies

To establish federal subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust his or her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency opportunity to investigate the charge.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)).  "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge," that is, unless an EEOC investigation of the EEOC charge reasonably would have encompassed the additional charges.  *Green v. Los Angeles Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989) (internal quotation marks and citations omitted).  Charges filed before the EEOC must be construed liberally.  *Id.* at 1476.

Home Depot contends that the Court lacks jurisdiction to consider Lewallen's claims for "disparate impact race discrimination pursuant to pattern and practice, disparate treatment, harassment and hostile work environment" because her EEOC Charge did not give notice that those claims were included within the scope of her claim of retaliation.  On both the EEOC intake form and her EEOC Charge, Lewallen indicated that her claim was for retaliation.  Her EEOC Charge states that she was harassed by her supervisor after Lewallen protested the performance review rating she received from her supervisor and that the harassment consisted of being "continuously nitpicked."  On its face, the EEOC Charge states that Lewallen was the subject of retaliation because she complained about her performance review rating.  To the extent that the EEOC intake

- 5 -

form incorporates complaining about discrimination into its definition of retaliation, it appears that Lewallen claimed she was discriminated against because she protested her performance review rating. Neither form suggests she was given a poor rating because of race or that the harassment she received after complaining was based on race. However, on the intake form, Lewallen indicated that Melissa Perez, "Hispanic/white," was treated better than her, but Angelica Vazquez, "Hispanic," was treated the same as her.

Therefore, construing the EEOC Charge liberally as it must, the Court concludes that an EEOC investigation of the EEOC charge of retaliation reasonably would have encompassed "disparate impact race discrimination pursuant to pattern and practice, disparate treatment, harassment and hostile work environment." *See Green*, 883 F.2d at 1475-76.

### 2.    Failure to State a Claim Upon Which Relief Can Be Granted

Lewallen's first cause of action is titled "Defendant Home Depot's Violation of Title VII's Prohibition Against Employment Discrimination Racial Discrimination." (Doc. 31 at 6.) The amended complaint includes only legal conclusions and conclusory factual allegations regarding any form of racial discrimination. *See Iqbal*, 556 U.S. at 678. Even Lewallen's response to the motion to dismiss states: "Plaintiff was terminated in retaliation for her repeated complaints to HR and upper management against Ms. Katayama, and her disclosure of store violations and improper markdown procedures." (Doc. 37 at 11.) The amended complaint does not allege any specific facts to support a claim for discrimination, harassment, hostile work environment, or retaliation on the basis of race and therefore fails to state a claim upon which relief can be granted.

### B.    Breach of Contract and/or Promissory Estoppel

The amended complaint alleges that Home Depot violated its employment policies and breached its implied employment contract with Lewallen, but it does not directly allege how Home Depot did so. The only factual allegation regarding Home Depot's acts

- 6 -

of violation or breach is the following:  "Specifically, Ms. Lewallen was not terminated for cause in that Defendant did not properly determine whether or not there was cause and did not follow its policies, practices and procedures with regard to Ms. Lewallen's complaints of retaliation and harassment by Ms. Katayam."  (Doc. 31 at 8.)

Lewallen's response to the motion to dismiss does not respond to Home Depot's arguments and supporting authority regarding her claim for breach of contract and/or promissory estoppel whatsoever.  She does not dispute that when she began employment with Home Depot, she acknowledged in writing that her employment was at will and the employee manual was not a contract.  Moreover, the amended complaint alleges that Home Depot terminated her employment for cause, *i.e.*, based on "multiple allegations and charges regarding Hazmat and RTV violations."  (*Id.* at 4.)  Therefore, the amended complaint fails to state a claim for breach of contract and/or promissory estoppel upon which relief can be granted.

### C.    Intentional Infliction of Emotional Distress

The amended complaint alleges only legal conclusions and conclusory factual allegations in support of Lewallen's claim of intentional infliction of emotional distress. Lewallen's response to the motion to dismiss states that to prevail on this claim she must show that the Defendant's conduct is capable of being characterized as "extreme and outrageous," and that the trial court must decide whether the acts underlying the claim can be considered sufficiently extreme and outrageous to state a claim for relief.  The response further states that during the two years Lewallen worked with Katayama, "numerous remarks were made to the Mexican American female employees regarding their clothing, hair, nails, makeup and the size of their breasts," and "Defendant had reason to know that Plaintiff was a divorced, single mother dealing with a child with physical and learning disabilities which placed Plaintiff in a fragile or more vulnerable state."   The amended complaint does not allege Home Depot's knowledge about

Lewallen's vulnerabilities, but even if it did, numerous remarks, unrelated to Lewallen's vulnerabilities, made to multiple people, do not constitute extreme and outrageous conduct. Further, Lewallen does not respond to Home Depot's authority showing much more egregious conduct that Arizona courts found insufficient to be considered extreme and outrageous. Therefore, the amended complaint does not state a claim upon which relief can be granted.

Moreover, the amended complaint alleges that Katayam's acts caused her extreme emotional distress and were "in no way related to any discretionary authority of Ms. Katayam or to any purpose or objective of the Home Depot." Home Depot generally would not be liable for Katayam's actions outside of the course and scope of her employment, and the amended complaint fails to allege any other basis for Home Depot's vicarious liability for Katayam's actions.

**D.    Intentional Interference with a Contractual Relationship**

The amended complaint identifies a "sixth cause of action" against "Defendant, individually," for "Intentional Interference with a Contractual Relationship." It refers only to "Defendant Katayam," who is not a named defendant in this action. It therefore fails to state a claim upon which relief can be granted.

**E.    Violation of Public Policy**

The amended complaint does not set forth a separate claim for violation of public policy. "Violation of public policy" is included in a list of grounds for liability under the heading "Injury/Damages," but is not alleged as a cause of action.

**V.    LEAVE TO AMEND**

Plaintiff seeks leave to file a second amended complaint if her first amended complaint is found insufficient. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to

- 8 -

amend a complaint.  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Lewallen was previously granted leave to amend her complaint and did so unsuccessfully.  She will be granted leave to amend one more time.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss First Amended Complaint with Prejudice (Doc. 34) is granted.

IT IS FURTHER ORDERED that Plaintiff's amended complaint (Doc. 31) is dismissed.

IT IS FURTHER ORDERED that Plaintiff may file a second amended complaint by 5:00 p.m., July 30, 2012.  If Plaintiff does not file a second amended complaint by 5:00 p.m., July 30, 2012, the Clerk shall terminate this case without further notice to Plaintiff.

Dated this 23rd day of July, 2012.

Neil V. Wake
United States District Judge

- 9 -