**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yvonne Lewallen, | No. CV 11-01639-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| Home Depot USA, Inc., | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Vacate Judgment (Doc. 45).  On August 27, 2012, Defendant filed a response in opposition (Doc. 48).  Plaintiff did not file a reply in support of her motion to vacate judgment.

**I.     BACKGROUND**

On July 23, 2012, the Court dismissed Plaintiff's First Amended Complaint with leave to file a Second Amended Complaint by July 30, 2012.  Plaintiff did not file a Second Amended Complaint by July 30, 2012.  On August 3, 2012, no Second Amended Complaint having been filed, the Clerk of the Court terminated this case.  On August 16, 2012, Plaintiff moved to vacate the judgment under "Rules 55(c) and 60(c) of the Federal and Arizona Rules of Civil Procedure."  On August 20, 2012, the Court ordered Plaintiff to supplement her motion by August 29, 2012, by filing any further proposed complaint.  On August 30, 2012, Plaintiff filed a Second Amended Complaint, and on August 31,

1

2

3
2012, she filed a red-lined version of her Amended Complaint as required by LRCiv 15.1

4
and ordered by the Court.  (Docs. 49, 51.)

**II.     LEGAL STANDARD**

5

6
        Fed. R. Civ. P. 55(c) permits the Court to set aside an entry of default for good

7
cause and a default judgment under Fed. R. Civ. P. 60(b).  It does not apply here.  Neither

do the Arizona Rules of Civil Procedure.

8

9
        Fed. R. Civ. P. 60(c) sets time limits for filing a motion under Fed. R. Civ. P.

10
60(b) and provides that the filing of such a motion does not affect the judgment's finality

11
or suspend its operation.  It also does not provide a basis for vacating the termination of

this case.

12

13
        Fed. R. Civ. P. 60(b) provides the grounds upon which the Court may relieve a

14
party from a final judgment, order, or proceeding.  These include mistake, inadvertence,

15
surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1).  Whether to grant relief for

16
excusable neglect is an equitable determination, considering all circumstances relevant to

17
the party's omission.  *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir.

2011).

18
**III.    ANALYSIS**

19

20
        Plaintiff contends that her failure to file a Second Amended Complaint by July 30,

21
2012, amounts to inadvertence or excusable neglect because her counsel was out of town

22
when the July 23, 2012 Order was filed and had difficulty accessing emails and internet.

23
Plaintiff's motion does not state when her counsel became aware of the July 23, 2012

24
Order, what arrangements she had made to fulfill her responsibilities to her clients while

25
she was out of town and without email and internet access, or why she did not move for

26
an extension of time to file a Second Amended Complaint immediately upon her return to

27
Phoenix.  The motion states only that upon her return to Phoenix, counsel attended a

28
week-long Arizona State Bar program and is a solo practitioner with very limited staff.

- 2 -

Counsel's avowals show neglect, but not excusable neglect.  Moreover, her actions demonstrate lack of concern for complying with Court orders and protecting her client's interests.

However, the Court usually provides parties with two weeks, rather than one week, to file an amended pleading.  Finding this to be inadvertence on the part of the Court, relief under Rule 60(b) will be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Judgment (Doc. 45) is granted.

IT IS FURTHER ORDERED that the August 3, 2012 Minute Order (Doc. 42) terminating this case is vacated.

IT IS FURTHER ORDERED that Defendant's Bill of Costs (Doc. 43) and Motion for Attorneys' Fees (Doc. 44) are denied without prejudice as premature.

IT IS FURTHER ORDERED that Defendant file a response to the Second Amended Complaint (Doc. 51) by October 1, 2012.

Dated this 11th day of September, 2012.

Neil V. Wake
United States District Judge